# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| RICHARD LYNN LONG, JR.<br>LA. DOC #363322<br>VS. | CIVIL ACTION NO. 3:13-cv-3194<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| LEE HARRELL, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Richard Lynn Long, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 5, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC) who is currently on death row at the Louisiana State Penitentiary; however, when he filed this complaint he was a pre-trial detainee at the Richland Parish Detention Center (RPDC) and he complained that he was unlawfully confined in administrative segregation at that facility.  He sued Richland Parish Sheriff Lee Harrell, RPDC's Warden Tina Hill and Mark Drake, RPDC's Chief of Security.  He prayed for declaratory and injunctive relief and compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Statement of the Case*

When he filed this complaint on December 5, 2013, plaintiff claimed that he was a pre-trial detainee awaiting trial on unspecified charges in some unspecified jurisdiction.  He

complained that he was denied his right to due process by being arbitrarily confined in the RPDC's administrative segregation unit without notice and without an opportunity "...to present [his] views formerly or informally." According to plaintiff, at the time he filed his complaint he had been held in solitary confinement for a period of over 1000 days.

In April, 2013 plaintiff submitted a grievance to Warden Hill complaining about his placement in administrative segregation. [Doc. 1-1, p. 1] On April 29, 2013, his grievance was rejected by Mark Drake, the Chief of Security, as follows, "Due to you being a pretrial offender you can be held in a cell until you become a DOC offender." [Doc. 1-1, p. 2] Thereafter, Warden Hill rejected his appeal noting, "Due to the nature of your crime you are being held in segregation for your safety as well as other pre-trials from this area. Once you get time you will be allowed a DOC Dorm." [Doc. 1-1, p. 3] Finally, on June 7, 2013, Sheriff Herrall rejected his appeal as follows, "I concure with Warden Hill and COS Drake; due to the crime you are charged with and the other offenders from this local area; we determined it is safer for you and others as well as DC staff that you be held in a segregated area." [Doc. 1-1, p. 4]

While this matter was pending initial review, plaintiff advised that he was transferred to Death Row at the Louisiana State Penitentiary at Angola. [Doc. 10][1]

---

[1] Plaintiff was arrested and charged with First Degree Murder of a police officer in September 2010; he apparently pled guilty and was sentenced to serve life without benefit of parole sometime in January 2014.

http://www.thenewsstar.com/article/20140113/NEWS01/301130036/Man%20pleads%20guilty%20to%20%2710%20murder%20of%20Rayville%20police%20officer
Link available as of February 19, 2014.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Due Process*

Plaintiff, a pretrial detainee during the period at issue, contends that he was unlawfully confined to administrative segregation from the date of his arrest in September 2010 until the date he was convicted and thereafter transferred to the Louisiana State Penitentiary to serve his sentence. He claims that he was exposed to these conditions in violation of his Constitutional right to due process. Plaintiff is correct in his assertion that the Due Process Clause of the

3

Fourteenth Amendment provides the Constitutional basis for challenges by pretrial detainees. This Fourteenth Amendment due process analysis depends upon the classification of the challenge as either an attack on a condition of confinement or an attack on a particular episodic act or omission. *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir.1996) (*en banc*).

Conditions of confinement claims, such as has been asserted by this plaintiff,  are analyzed under the standards described in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), wherein the Court looks to the relationship between the condition under attack and the government's objective. Thus,  a Constitutional Due process violation exists only when the complained-of condition is not reasonably related to a legitimate, non-punitive governmental objective. *Bell v. Wolfish,*  441 U.S. 520, 539; *See Hare*, 74 F.3d at 640.

Plaintiff complains that he, a pretrial detainee, was housed in administrative segregation from the date of his arrest until the date he was placed into the custody of the DOC, without pre-deprivation notice or a hearing as required by *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).  In order to determine whether this circumstance or condition of confinement amounted to a deprivation of liberty without due process, the Court must examine the alleged deprivation and then determine whether the condition or restriction complained of was punitive since the State may not punish pretrial detainees who are presumed innocent under the law. *Bell*, 441 U.S. at 535. In so doing the Court must be aware that although "detention interferes with the detainee's understandable desire to live as comfortably as possible" that fact alone does not equal punishment. *Id.* at 537.  Only an  arbitrary or purposeless restriction on a pretrial detainee leads to the inference that the restriction is punitive. *See Olgin v. Darnell*, 664 F.2d 107, 109 (5th Cir.1981). "[T]he effective management of the detention facility once the

4

individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inferences that such restrictions are intended as punishment." *Id.* (quoting *Bell*, 441 U.S. at 540).

The responses to plaintiff's grievances by the Chief of Security, the Warden, and the Sheriff suggest that plaintiff's placement in segregation was based on the serious nature of the pending charges, i.e. first degree murder of a police officer, and was for his own protection and for the protection of other inmates. There is nothing of record to suggest, much less establish, that his placement was punishment for a disciplinary violation.  In short, plaintiff's Due process complaint fails to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, February 19, 2014.

_____

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**